UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22000-CIV-UNGARO/O'SULLIVAN

| | |
|---|---|
| ELMON WALTERS, ALIX PROVENCE, | ) |
| CHARLENE BLACKSHEAR, | ) |
| and all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN COACH LINES OF | ) |
| MIAMI, INC., a Florida corporation, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

Defendant AMERICAN COACH LINES OF MIAMI, INC. submits the following answers to each separately numbered paragraph of Plaintiffs' Complaint as follows:

1.      Paragraph 1 characterizes the action and requires no response.  Defendant denies that Plaintiffs are entitled to any of the relief sought in this action.

2.      Paragraph 2 characterizes the action and requires no response.  Defendant denies that Plaintiffs are entitled to any of the relief sought in this action.

3.      Defendant admits that the Court has jurisdiction over claims involving federal questions, including claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.  Defendant denies that a collective action is appropriate.

4.      Defendant admits that Plaintiffs seek to invoke this Court's supplemental jurisdiction but denies that Plaintiffs' Florida claim has any factual or legal basis.

MI:125044v1

5.      Defendant admits that venue is appropriate in the Southern District of Florida.

6.      Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and therefore, denies said allegations.

7.      Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and therefore, denies said allegations.

8.      Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and therefore, denies said allegations.

9.      Defendant denies that it is a Florida corporation but otherwise admits the allegations in paragraph 9 of the Complaint.

10.     Paragraph 10 does not specify which laws of the United States and Florida that Defendant is subject to, and therefore, denies the allegation.

11.     Admitted.

12.     Admitted.

13.     Denied.

14.     Admitted.

15.     Denied.

16.     Denied.

17.     Denied.

## RESPONSE TO CONDITIONS PRECEDENT

18.     Denied.

## RESPONSE TO STATEMENT OF FACTS

19.     Defendant denies that it operates a jitney service, but otherwise admits the allegations in paragraph 19.

20.     Defendant denies that it operates a jitney service, but otherwise admits the allegations in paragraph 20.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Defendant admits that it maintains records concerning the number of hours worked by Plaintiffs and the compensation paid to them, but denies the remaining allegations of paragraph 27, and specifically denies that it owes Plaintiffs any amount of money.

28.     Defendant denies the allegations in the first sentence of paragraph 28 of the Complaint.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 28 of the Complaint, and therefore, denies said allegations.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Defendant admits that Plaintiff Walters worked for Defendant from November 2006 to April 30, 2007, at which time he was terminated.  Defendant denies the remaining allegations of paragraph 34.

35.     Defendant admits that Plaintiff Provence worked for Defendant and was terminated.  Defendant denies the remaining allegations of paragraph 35.

36.     Defendant admits that Plaintiff Blackshear worked for Defendant and was terminated.  Defendant denies the remaining allegations of paragraph 36.

## RESPONSE TO COUNT I

37.     Defendant incorporates its responses to paragraphs 1 through 36 as if fully set forth herein.

38.     Paragraph 38 characterizes Count I, and therefore, no response is required. Defendant specifically denies that Plaintiffs are entitled to any relief, and denies that a collective action is appropriate.

39.     Paragraph 39 characterizes the putative class, and therefore, no response is required.  Defendant specifically denies that Plaintiffs are entitled to any relief, and denies that a collective action is appropriate.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Paragraph 44 characterizes the relief Plaintiffs seek under Count I, and therefore, no response is required.  Defendant specifically denies that Plaintiffs are entitled to any relief.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

In response to the unnumbered WHEREFORE paragraph following paragraph 48, Defendant denies that Plaintiffs or any other individual is entitled to any of the relief requested therein.

## RESPONSE TO COUNT II

49.     Defendant incorporates its responses to paragraphs 1 through 36 as if fully set forth herein.

50.     Denied.

51.     Denied.

52.     Paragraph 52 contains legal conclusions to which no response is required.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint, and therefore, denies said allegations.

59.     Paragraph 59 contains legal conclusions to which no response is required.

In response to the unnumbered WHEREFORE paragraph following paragraph 59, Defendant denies that Plaintiffs or any other individual is entitled to any of the relief requested therein.

60.     Defendant denies all allegations of the Complaint except for those allegations which Defendant has expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

61.     Some or all of Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

62.     Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

63.     To the extent that Plaintiffs have failed to mitigate their alleged damages, such failure bars recovery of such damages.

### FOURTH AFFIRMATIVE DEFENSE

64.     Any claim for overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the Fair Labor Standards Act which may have occurred were not "willful" within the meaning of the statute.

### FIFTH AFFIRMATIVE DEFENSE

65.     Any claim for overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

### SIXTH AFFIRMATIVE DEFENSE

66.     Any claim for overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant was at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders,

rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

SEVENTH AFFIRMATIVE DEFENSE

67.     Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the Fair Labor Standards Act.

EIGHTH AFFIRMATIVE DEFENSE

68.     Plaintiffs are and were, at all relevant times, exempt from the Fair Labor Standards Act's overtime premium pay requirements pursuant to the Motor Carrier Act exemption, set forth at 29 U.S.C. § 213(b)(1).

NINTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims under the Florida Whistleblower Act, Sections 448.101 et seq., Florida Statutes, are barred because Plaintiffs did not complain about an actual violation of a law, rule, or regulation.

TENTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' claims under the Florida Whistleblower Act, Sections 448.101 et seq., Florida Statutes, are barred because Plaintiffs failed to object to, or provide written notice of, a violation of a law, rule or regulation to Defendant, and therefore, failed to afford Defendant a reasonable opportunity to correct the alleged violation.

ELEVENTH AFFIRMATIVE DEFENSE

71.     Plaintiffs' claims under the Florida Whistleblower Act, Sections 448.101 et seq.,

Florida Statutes, are barred because there is no causal relation between Plaintiffs' complaint(s)

and Plaintiffs' terminations.

RESERVATION OF DEFENSES

72.     Defendant hereby reserves the right to file such additional defenses as may

become apparent during the course of discovery.

WHEREFORE, having fully answered, Defendant AMERICAN COACH LINES OF

MIAMI, INC. respectfully prays that the Complaint be dismissed and Plaintiffs recover nothing,

and for such other relief to which Defendant may show itself to be justly entitled.


Dated:  August 30, 2007                    Respectfully submitted,


                                           **s/ Michael W. Casey, III**
                                           Michael W. Casey, III
                                           Florida Bar No. 141430
                                           mcasey@ebglaw.com
                                           Richard D. Tuschman
                                           Florida Bar No. 907480
                                           rtuschman@ebglaw.com
                                           Kevin E. Vance
                                           Florida Bar No. 0670464
                                           kvance@ebglaw.com
                                           EPSTEIN BECKER & GREEN, P.C.
                                           Suite 2100, Wachovia Financial Center
                                           200 South Biscayne Boulevard
                                           Miami, Florida  33131
                                           Tel: (305) 982-1520
                                           Fax: (305) 982-1521
                                           Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22000-CIV-UNGARO/O'SULLIVAN

ELMON WALTERS, ALIX PROVENCE,  )
CHARLENE BLACKSHEAR,  )
and all others similarly situated,  )
   )
              Plaintiffs,  )
   )
v.  )
   )
AMERICAN COACH LINES OF  )
MIAMI, INC., a Florida corporation,  )
   )
              Defendant.  )
_____  )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August 2007, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the

attached Service List in the manner specified.


                       **/s/ Kevin E. Vance**

## SERVICE LIST

**Elmon Walters, et al. v. American Coach Lines of Miami, Inc.**
**Case No. 07-22000-Civ-Ungaro/O'Sullivan**
**United States District Court, Southern District of Florida**


Robert Ader, Esquire
Law Offices of Robert Ader, P.A.
Suite 3550
Bank of America Tower
100 S.E. Second Street
Miami, Florida  33131
Tel: (305) 371-6060
Fax:
Attorneys for Plaintiffs
By electronic service via CM/ECF