UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22000-CIV-UNGARO/SIMONTON

ELMO WALTERS, et al.,

    Plaintiffs,

v.

AMERICAN COACH LINES OF MIAMI, INC.,

    Defendant.
_____/

### ORDER ABATING DEFENDANT'S MOTION TO TAX COSTS AND GRANTING, IN PART, PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME

Presently pending before the Court is Defendant's Motion to Tax Costs (DE # 168), as well as Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Tax Costs (DE # 169). These motions are referred to the undersigned Magistrate Judge. Based upon a review of the record, Defendant's motion to tax costs is ABATED and Plaintiff's unopposed motion for extension of time is GRANTED, IN PART.

    I.    BACKGROUND

This is a collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (Count I) (DE # 1).[1] Based upon the parties' stipulation, the Court entered an Order conditionally certifying a collective action consisting of roughly 63 individuals who are "currently or [were] formerly employed by American Coach Lines of Miami, Inc. as bus drivers at any time during the period of August 6, 2004 to the present" (DE ## 32; DE # 151 at 4).

---

[1] The Honorable Ursula Ungaro, the District Judge assigned to this case, declined to exercise supplemental jurisdiction over Plaintiff's claims pursuant to the Florida Whistleblower's Act, Fla. Stat. § 448.102 (Count II) and, therefore, dismissed those claims in an Order issued on July 29, 2008 (DE # 151).

In its July 29, 2008 Order on the parties' cross-motions for summary judgment, the Court distinguished between Plaintiffs who were part of Defendant's "regular pool of drivers" on the one hand; and Plaintiffs who were primarily assigned to a shuttle route at the University of Miami, Florida International University and Barry University ("University Drivers") on the other hand (DE # 151). The Court then granted Defendant's motion for summary judgment as to Plaintiffs who were part of the "regular pool of drivers," based on its finding that they were subject to the FLSA's motor carrier exemption. The Court, however, denied Defendant's motion for summary judgment as to the overtime claims of the University Drivers (*id.*).[2]

Pursuant to the Court's Order, the parties filed a report identifying 15 Plaintiffs whom they agreed fit the Court's definition of "University Drivers" (DE # 155). Plaintiffs contend that 3 additional drivers meet this definition, but Defendant disagrees (*id.*).

Following the denial of Plaintiff's motion to reconsider its Order on summary judgment (DE # 162) and the entry of final judgments in accordance with the summary judgment Order, (DE ## 164-65), the dismissed Plaintiffs filed a Notice of Appeal.

II.   **THE PRESENTLY PENDING MOTIONS**

Following the entry of final judgments as to 44 of the 63 Plaintiffs, Defendant filed a motion to tax costs in the amount of $19,433.25 as the prevailing party in this action with regard to those dismissed claims (DE # 168) (citing Fed. R. Civ. P. 54(d)).

Plaintiffs filed a responsive motion for extension of time to respond to the motion to tax costs. Plaintiffs contend that there are remaining viable claims and that

---

[2] The Court also dismissed all but one of the individual plaintiffs' claims which were based on alleged minimum wage violations (DE # 151). The bulk of the remaining claims are therefore based on alleged overtime violations.

**Defendant's motion is premature prior to the final determination of all claims. Therefore, Plaintiffs request that the Court refrain from entering a cost award until the disposition of this case is final as to all Plaintiffs and that the Court grant them an extension of time to respond to Defendant's motion that will expire 20 days after the entry of judgment as to all Plaintiffs. Defendant does not believe the motion for costs is premature but nevertheless does not oppose the relief sought in Plaintiffs' motion for extension of time (DE # 169).**

**The undersigned agrees with Plaintiffs that addressing the matters raised in Defendant's Motion to Tax Costs in piecemeal fashion at this stage of the proceedings would be unduly burdensome and wasteful to the parties and to the Court. In this regard, the undersigned notes that there are approximately 15-18 Plaintiffs with outstanding claims against Defendant and whether costs should be taxed to either party is a matter that is best raised at the conclusion of these proceedings as to all parties. To do otherwise would require the parties to incur potentially unnecessary expense and duplication of effort, while disserving the interests of judicial economy.**

**Rather than merely extending the time to respond, however, it is more appropriate to abate the motion during this period of time, with the provision that Defendant may file a renewed motion after the entry of final judgment on all claims. It is possible that the issue of costs may be settled based upon the final disposition, or that the arguments may be modified. In any event, the undersigned agrees that a piecemeal approach to the taxation of costs does is unwarranted here. It is, therefore,**

**ORDERED AND ADJUDGED that Plaintiffs' Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Tax Costs (DE # 169) is GRANTED, IN**

3

**PART**.  Defendant's Motion to Tax Costs (DE # 168) is abated for administrative purposes.  The motion may be restored to active consideration by Defendant, if appropriate, by filing a Renewed Motion to Tax Costs within 30 days from the entry of final judgment as to all remaining Plaintiffs, which may incorporate by reference the presently pending motion, as well as setting forth any additional requests for costs. Plaintiffs shall file a response in opposition to Defendant's Renewed Motion to Tax Costs within ten days after the renewed motion is filed.

**DONE AND ORDERED** in chambers in Miami, Florida on October 17, 2008.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record