**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-22000-CIV-UNGARO/SIMONTON

ELMON WALTERS, ALIX PROVENCE,
CHARLENE BLACKSHEAR, CEDRIC
JORDAN and all others similarly situated,
          Plaintiffs,

v.

AMERICAN COACH LINES OF
MIAMI, INC., a Florida corporation,
          Defendant.
_____/

## AMENDED MEMORANDUM OPINION

THIS CAUSE is before the Court upon the Pretrial Conference held on May 29, 2009, the

Court's Omnibus Order (D.E. 219), Plaintiffs' Memorandum of Law Regarding the Reasonable

Expectation Test, filed June 5, 2009 (D.E. 221), Defendant's Memorandum of Law Regarding

Reasonable Expectation Jury Instruction, filed June 5, 2009 (D.E. 221), and Plaintiffs'

Memorandum of Law Regarding Representative Testimony (D.E. 222).

THE COURT has considered the Memoranda and the pertinent portions of the record and

is otherwise fully advised in the premises.  By way of background, the claims remaining in this

case relate solely to whether certain drivers, previously denominated the "University Drivers,"

are entitled to overtime compensation under the Fair Labor Standards Act, or whether they are

exempt pursuant to the FLSA's Motor Carrier Exemption, 29 U.S.C. § 213(b)(1), because they

"could reasonably have been expected to make one of [Defendant's] interstate runs" as a regular

part of their duties. (*See* D.E. 151 at 34-35 (denying Defendant's motion for summary judgment

as the University Drivers); D.E. 214 at 13-14 (same).)  The Court held a Pretrial Conference on

May 29, 2009, at which time it addressed, among other issues, the proper application of the

"reasonable expectation test" to the University Drivers'[1] overtime claims.  (*See* Omnibus Order,

D.E. 219.)  As a result of the discussion that ensued, the Court ordered the parties to brief before

---

[1]      Terms not otherwise defined herein shall have the meaning ascribed to them in the
Court's Amended Order on Defendant's Motion for Summary Judgment (D.E. 214).

trial the following issues: (1) whether the "reasonable expectation test" is an objective or subjective inquiry; (2) whether in applying the "reasonable expectation test" the relevant "reasonable expectation" is that of the employee or of the employer; (3) whether the employer bears the burden of proof by a preponderance of the evidence or by some more stringent standard; and (4) whether the Plaintiffs may rely on representative testimony to prove their claims and whether the Defendant may rely on representative testimony to prove the applicability of the exemption.

Subsequent to the Pretrial Conference, the parties waived their jury demand. (*See* D.E. 228, 229.) Nonetheless, the issues briefed by the parties remain critical to the appropriate resolution of the University Drivers' claims and, therefore, are addressed herein to assist the parties in the presentation of evidence and argument relevant to their respective positions.

## I.     The Reasonable Expectation Test

In their Memorandum, Plaintiffs propose that the reasonable expectation test should be an objective one and determined from their perspective.  Defendant agrees that the test should be an objective one, but argues that it should be determined from the perspective of the fact-finder after considering the totality of circumstances.

At the outset, the Court notes that scant authority expressly addresses the proper application of the reasonable expectation test.  The Court has been unable to find any court decisions that, for purposes of the Motor Carrier Exemption, address whether the fact-finder should consider the "reasonable expectation" of the employer or the employee, and whether the inquiry is subjective or objective.  However, the Department of Transportation's ("DOT") Notice of Interpretation, 46 FR 37902-02, 1981 WL 115508 (July 23, 1981),[2] from which the

---

[2]     This Court has previously discussed the importance of the Department of Transportation's Notice of Interpretation. (*See* Omnibus Order, D.E.219.)  Therefore, the Court will not recite the same discussion here.

However, it is noteworthy that the "reasonable expectation" test has been adopted by many courts and the Department of Labor itself. *See, e.g, Reich v. Am. Driver Servs., Inc.,* 33 F.3d 1153 (9th Cir. 1994); *Mason v. Quality Transport Services, Inc.,* No. 04-61009-CIV-ALTONAGA/Turnoff, 2005 WL 5395338, at *1 (S.D. Fla. Aug. 29, 2005); *Chao v. First Class Coach Co., Inc.,* 214 F. Supp. 2d 1263 (M.D. Fla. 2001); *Garcia v. Pace Suburban Bus Serv.,* 955 F. Supp. 75, 77 (N.D. Ill. 1996); U.S. Dept. of Labor Wage and Hour Division's Field

reasonable expectation test orginated, affords some guidance. There, the DOT stated:

> If jurisdiction [under the Motor Carrier Act] is claimed over a driver <u>who has not</u> <u>driven interstate commerce,</u> evidence must be presented that [1] the carrier has engaged in interstate commerce and [2] <u>that the driver could reasonably have been</u> <u>expected to make one of the carrier's interstate runs.</u> Satisfactory evidence would be statements from drivers and carriers, and any employment agreements. Evidence of . . . <u>being subject to being used in interstate commerce</u> should be accepted as proof that the driver is subject to the [Motor Carrier Act[ for a 4-month period from the date of proof.

46 FR 37902-02 (emphasis added). A fair reading of the foregoing language shows that the

"reasonable expectation" must be held by someone other than the driver himself. For the Court

to consider the reasonable expectation of the driver, the language would have to read as follows:

"and that the driver reasonably expected to make one of the carrier's interstate runs."[3] Since this

is not the case, the Court finds that the employees' expectations of whether they were subject to

being used in interstate commerce are not determinative of their exempt status and that the

inquiry properly is focused on the employer's expectations.[4]

Next, the Court agrees with the parties that the reasonable expectation test is an objective

one. None of the cases applying the reasonable expectation test found that a plaintiff was exempt

because the employer subjectively believed that the plaintiff was exempt. Thus, the Court

concludes that the reasonable expectation test is an objective one, and that the fact-finder is to

determine the reasonable expectation of the employer based on the totality of the relevant

evidence. In making that decision, the fact-finder must consider whether the drivers were subject

---

Operations Handbook, 24e01(b) (May 13, 1982); U.S. Dept. of Labor, *Fact Sheet #19: The Motor Carrier Exemption under the Fair Labor Standards Act (FLSA).* This Court has applied the reasonable expectation test in this very case. *Walters v. Am. Coach Lines of Miami, Inc.,* 569 F.Supp.2d 1270 (S.D. Fla. 2008). In doing so, this Court found that certain of Defendant's drivers "could reasonably *be expected* to drive Defendant's [interstate] routes. . . ." *Id.* at 1294 (emphasis added). Importantly, the Court did not consider the subjective expectations of either the drivers or the Defendant in dismissing certain Plaintiffs' claims under the test.

[3]       The Court is aware of, and has considered, those cases where the reasonable expectations of the plaintiff/employees were considered, but finds them unpersuasive as they do not explain their reasons for doing so. *See, e.g., Little v. Groome Transp. of Ga., Inc.,* 2008 WL 4280362, *9 (N.D. Ga. Sept. 15, 2008) (concluding that "drivers could reasonably have expected" to drive interstate).

[4]       However, evidence of the employees' expectations could remain relevant to the extent that they are circumstantial evidence of the employer's expectations.

to being used in interstate commerce as a regular part of their duties, whether as a part of the drivers' regular duties an assignment to drive in interstate commerce was more than a remote possibility, and all of the facts surrounding the carrier's operations and the drivers' activities including, but not limited to: the carrier's policy and custom, the carrier's method of assigning interstate trips to its drivers, the drivers' regular duties, the terms of the drivers' employment, the carrier's hiring standards, and whether the drivers are required to make interstate trips when assigned or whether such trips are voluntary.

## II.    Defendant's Burden of Proof

It is undisputed that Defendant bears the burden of proving that the Motor Carrier Exemption applies to the University Drivers. *See Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995) ("The employer has the burden of showing that it is entitled to the exemption.") Plaintiffs propose, however, that Defendant be required to prove that the University Drivers are "plainly and unmistakably" subject to the Motor Carrier Act. Defendant does not address this issue in its Memorandum, but has previously asserted that it needs only to prove its claimed exemption by a preponderance of the evidence.

The Court has used the "plainly and unmistakably" language when discussing an employer's burden of proving that an employee falls within a claim FLSA exemption. (*See, e.g.,* D.E. 214 at 10 (citing *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997)). However, the Court employed this language at the summary judgment stage, pursuant to the Eleventh Circuit's reminder in *Nicholson v. World Business Network, Inc.* of the "Supreme Court's admonition that ***courts*** closely circumscribe the FLSA's exemption." *See Nicholson*, 105 F.3d at 1364 (emphasis added).[5] Consistent with this same notion that courts should carefully and narrowly construe FLSA exemptions, the Eleventh Circuit recently stated,

_____

[5]      The "plainly and unmistakably" language comes from the Supreme Court case, *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945), and was quoted by the Eleventh Circuit in *Nicholson v. World Business Network, Inc.* In *Nicholson*, the Eleventh Circuit affirmed a district court's denial of judgement as a matter of law, or in the alternative a new trial, after a jury had returned a special verdict finding that a plaintiff was exempt from overtime wages because he was an administrative employee. *Id.* at 1363. The Eleventh Circuit affirmed the district court after a thorough exploration of the policy underlying the FLSA, stating that the plaintiff was in effect seeking to convert a contract action for unpaid salary into a FLSA suit. *Id.* at 1364-65.

in affirming summary judgment in *Gregory v. First Title of America, Inc.*, that it is "well established that the employer 'bears the burden of proving the applicability of a FLSA exemption by clear and affirmative evidence.'" 555 F.3d 1300, 1302 (11th Cir. 2009) (affirming grant of summary judgment) (citing *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001) (reviewing district court's grant of summary judgment).)

When it comes to the burden of proof at trial, however, the Eleventh Circuit has expressly stated that the standard to be applied is the preponderance of the evidence. In *Dyback v. Florida Dept. of Corrections*, a plaintiff employee appealed a district court's judgment for the employer, which was entered after a jury found that the employee was an exempt professional within the meaning of 29 U.SC. § 213(a). 942 F.2d 1562 (11th Cir. 1991). The Eleventh Circuit reversed and remanded because the plaintiff did not fall within the exemption as a matter of law. *Id.* at 1566. In so holding, the Eleventh Circuit noted that the "employer has the burden of establishing by a preponderance of the evidence that it is entitled to the benefit of an exemption under section 213(a)(1)." *Id.* at 1566 n.5;[6] *see also Johnson v. Unified Gov. of Wyandotte County*, 180 F.Supp.2d 1192, 1194 (D. Kan. 2001), *aff'd* 371 F.3d 729 (10th Cir. 2004) (jury found that defendants proved by a "preponderance of the evidence" that the employees are "plainly and unmistakably" exempt from paying overtime); *but see Pravia v. Blasa Group, Inc.* 2008 WL 821611 (S.D. Fla. Mar. 27, 2008) (concluding, after a one day bench trial, that defendant failed to meet its burden of establishing its claimed exemption by "clear and affirmative evidence").

Accordingly, the Court finds that an employer has the burden of establishing by a preponderance of the evidence that it is entitled to an exemption under the FLSA at trial. In reaching this decision, the undersigned notes that Plaintiffs have not identified any authority for applying a heightened standard of proof at trial, and the Court finds their proposed "plainly and unmistakably" standard novel. The Court will not adopt such a novel standard of proof at trial in light of the fact that the Eleventh Circuit has stated that the standard is the more familiar

---

[6]     This standard of proof at trial is consistent with the jury instruction entered at trial. *See id.* at 1564 n.4.

'preponderance of the evidence.' *See Dybach,* 942 F.2d at 1566 n.5. Accordingly, Defendant carries the burden of showing that the University Drivers are exempt under the Motor Carrier Act by a preponderance of the evidence. In meeting this standard, however, the fact-finder must be mindful that FLSA's exemptions are to be narrowly construed and that the Defendant must satisfy its burden by producing "clear and affirmative evidence." *See Gregory,* 555 F.3d at 1302.

## III.    Representative Testimony

Finally, the Court addresses Plaintiffs' Memorandum of Law Regarding Representative Testimony. Defendant does not disagree with Plaintiffs' ability to present their claims by representative testimony. (*See* Joint Pretrial Stipulation, D.E. 211-2, at 6.)

Interestingly, Plaintiffs' Memorandum does not discuss whether Plaintiffs intend to put forth their *prima facie* case by representative testimony; rather, Plaintiffs appear to argue that representative testimony is appropriate for determining whether the University Drivers could have been expected to drive in interstate commerce. This issue, however, is relevant to *Defendant's* affirmative defense and *Defendant's* burden at trial. It is not relevant to Plaintiffs' burden of establishing their *prima facie* case for overtime violations. *See* 29 U.S.C. § 207(a); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) ("To establish a prima facie case, Plaintiffs [must] demonstrate that: (1) [Defendant] employed them; (2) [Defendant] is an enterprise engaged in interstate commerce covered by the FLSA; (3) each Plaintiff actually worked in excess of a 40-hour workweek; and (4) [Defendant] did not pay any overtime wages to them.")

The Court agrees that Defendant *may* put forth its case by representative testimony, particularly because the Court has held that the reasonable expectation inquiry is an objective one. However, it remains Defendant's burden to call as many Plaintiffs as necessary to establish its affirmative defense. *Morgan v. Family Dollar Stores*, 551 F.3d at 1278-79 (holding that the FLSA's executive exemption defense is not so individualized as to preclude representative testimony, but that defendant cannot rely on an insufficient number of witnesses being call by the plaintiffs to meet its burden of proof on its own affirmative defense).

DONE AND ORDERED in Chambers, Miami, Florida, this 16th day of June, 2009.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record